GELABERT ET AL., PLAINTIFFS AND APPELLEES, *v.* SÁNCHEZ, DEFENDANT AND APPELLEE (GELABERT ET AL., INTERVENORS AND APPELLANTS).

APPEAL from the District Court of Arecibo in an Action for the Return of a Deposit.

No. 1754.—Decided July 26, 1918.

CONTRACT — THIRD PERSON — ACCEPTANCE. — A contract affects only the parties thereto and their heirs, but when it contains any stipulation in favor of a third person, he may exact its fulfilment, provided he had notified the obligor of his acceptance before the stipulation was revoked. This was not done by the third person in the present case, for which reason his complaint should be dismissed.

The facts are stated in the opinion.
*Mr. Antonio Suliveres* for the appellants.
*Messrs. Juan E. Rodríguez, Luis Mercader* and *Félix Santoni* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The attorney for Pedro J. Gelabert and Isabel María Borrás filed a complaint against Angel Sánchez in the District Court of Arecibo for the restitution of a voluntary deposit, based on the following facts:

"1. That the plaintiffs are residents of Alaró, Mallorca, Baleares, Spain, and the defendant is a resident of Arecibo, P. R.

"2. That on one day in the month of December, 1914, plaintiff Pedro J. Gelabert, who was in this city temporarily for the purpose of selling a house belonging to his mother and principal, Isabel María Borrás, a resident of the said city of Alaró, delivered $2,000 to Angel Sánchez as a private deposit to keep and invest at 1 per cent interest monthly, remitting the interest monthly to Isabel María Borrás, to whom the money deposited by Gelabert belonged, and it was understood that upon the death of said Isabel María Borrás he should deliver the said sum as a gift to her grandchildren Melchor, Ramón, Isabel and Joaquín Gelabert, the children of Joaquín Gelabert, all conditioned on the approval by the said Isabel María Borrás, the owner of the $2,000, of the donation or gift proposed by Gelabert of his own initiative, on his return to Alaró, his place of domicil.

"3. That as the owner of the money did not approve the acts of Pedro J. Gelabert performed without her consent, the latter decided to return to her the sum he had deposited with Angel Sánchez and made demand upon him accordingly, but Sánchez refused to return the said sum, claiming that the conditions under which the deposit was made were different."

Defendant Sánchez answered the complaint alleging that it was true that Gelabert had delivered the $2,000 to him in order that he in turn might deliver the same to the persons mentioned on the death of Isabel María Borrás, provided said persons terminated a suit which they had brought in Mallorca; that he had not returned the money because Melchor Gelabert had objected, and "being desirous of acting in a just and lawful manner," he retained the money pending the decision of the court, at whose disposal he placed the same.

By leave of the court Melchor, Ramón and Isabel Gelabert Rotger and Florentina Rotger Roig, the last named in her own right and in representation of her minor child, Joaquín Gelabert Rotger, intervened in the action and alleged that the delivery of the $2,000 by Pedro Gelabert to Angel Sánchez was due to a certain agreement entered into between them and Gelabert to compromise an action which they had brought in Spain in connection with the estate of Ramón Gelabert Borrás.

and that Pedro Gelabert had further agreed to give them a promissory note for $1,000. The intervenors also allege that the $2,000 was not to be delivered to them upon the death of Isabel María Borrás, but as soon as they showed that the compromise had been approved by the Spanish court, and therefore they prayed the court to render judgment ordering the plaintiffs to deliver to defendant Sánchez the prommissory note mentioned in the complaint of intervention, and that Sánchez in turn be required to deliver to the intervenors the promissory note and the $2,000 as soon as they might prove that the Inca court had approved the compromise alluded to in the said complaint of intervention.

Oral and documentary evidence was introduced at the trial and the case having been finally submitted to the district court, it sustained the complaint and ordered defendant Sánchez to return the $2,000 delivered to him by Gelabert to plaintiffs Gelabert and Borrás, without special imposition of costs. The intervenors took the present appeal from that judgment. No appeal was taken by defendant Sánchez.

In their brief the appellants assign several errors which, they claim, were committed by the trial court, and argue the same extensively, but, in our opinion, it is not necessary to examine all of them. The question, reduced to its final analysis, involves nothing more than a consideration of the pleadings and of the evidence in the light of section 1224 of the Civil Code, which reads as follows:

"Contracts shall only be valid between the parties who execute them and their heirs, except, with regard to the latter, the case in which the rights and obligations arising from the contract are not transmissible, either by their nature, or by agreement, or by provision of law.

"Should the contract contain any stipulation in favor of a third person, he may demand its fulfilment, provided he has given notice of his acceptance to the person bound before it may have been revoked."

In commenting on article 1257 of the Spanish Civil Code, which is the same as section 1224 of our code, Manresa expresses himself as follows:

"Until the moment of acceptance the stipulations can be changed and even repudiated by the mutual agreement of the real contracting parties. After acceptance a third person is involved who acquires a right which can not be modified or extinguished without his consent, he acquiring the right also to defend the validity of the contract even against the other interested parties." 8 Manresa, Spanish Civ. Code, 616.

The intervenors took no part in the contract between Gelabert and Sánchez by which the former delivered $2,000 to the latter, although it is true that it contained a stipulation in their favor. Gelabert desires to withdraw the amount which he delivered to Sánchez; that is, to repudiate what he intended to do. Sánchez really does not object, but knowing that there are conflicting interests, family dissensions and lawsuits involved, desires that the court should adjust the matter. The decisive question is, therefore, whether the intervenors notified the obligor of their acceptance before the latter had revoked the stipulation made in their favor.

So understanding the question, the appellants themselves say in their brief:

"All this resolves itself into a contract entered into by Pedro J. Gelabert and Angel Sánchez containing a stipulation in favor of the third persons Melchor Gelabert and his brothers and sisters, to whom Sánchez was to deliver $2,000 after the death of another person, subject to the compromise of a suit. By filing a complaint before the stipulation was revoked the third persons gave notice to the obligors of their acceptance of the delivery of the money and of the said compromise, objecting to the time fixed for such delivery; and it was subsequent to this that the said contracting party, Pedro J. Gelabert, and his mother, Isabel María Borrás, sued Sánchez for the return of the money which he had received for final delivery to another person."

Let us examine the evidence. Defendant Sánchez testified under oath at the trial as follows:

"That before Melchor Gelabert and others brought suit Mariana d'Elías had demanded of him in the name of Pedro Gelabert the return of the $2,000; that he does not remember whether the demand was made in the name of any other person; that she handed him a letter requesting him to deliver the said amount.

"That this was not shown in a document; no, sir, no document was drawn up.

"That Juan Zacarías Rodríguez called on him and asked him to deliver the said sum, and he said to Rodríguez that he could not deliver it to him because Melchor Gelabert knew that before embarking Pedro Gelabert had left the $2,000 with him for them. The said Juan Zacarías Rodríguez is the notary of that name."

The testimony of Sánchez contradicts the statements made by the appellants in their brief. Even if the filing of the complaint by the intervenors prior to their complaint in intervention might be considered as an acceptance—a matter we shall not decide—it would nevertheless follow that the demand made by Pedro Gelabert and Isabel María Borrás through Mariana d'Elías, Gelabert's wife, who came expressly from Baleares to Porto Rico for that purpose, as shown by the evidence, was made before the alleged acceptance.

This being so, it is manifest that the intevenors have no grounds for opposing the return by Sánchez to Gelabert of the $2,000 which the latter delivered to the former. The contractual relation was confined to Gelabert and Sánchez. It did not extend to the intervenors.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.